IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

EDDIE JEROME WALTON, II,

    Petitioner,

v.                                          CASE NO. 5:09-cv-349-RS-GRJ

WALTER A. MCNEIL,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 1, Petitioner's Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and Doc. 23, Respondent's motion to dismiss the Petition as untimely filed, or in the alternative, for failure to exhaust administrative remedies. Petitioner challenges his 2005 Jackson County convictions for burglary of a structure or conveyance, grant theft, and possession of burglary tools, pursuant to a *nolo contendere* plea. Petitioner was sentenced to 10 years imprisonment.[1]

Upon due consideration of the Petition, the motion to dismiss, Petitioner's response, and the state-court record, the undersigned recommends that the Petition be dismissed.[2]

---

[1] Petitioner pleaded *nolo contendere* to burglary of a conveyance, grand theft, and possession of burglary tools in case no. 04-476, receiving a sentence of five years on each count, to be served concurrently. Petitioner simultaneously pleaded *nolo contendere* to burglary of a conveyance in case no. 04-492, receiving a sentence of five years to be served consecutive to the five-year sentence in case no. 04-492. (Doc. 23, Exh. C.)

[2] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

## State-Court Proceedings

Petitioner's original judgment of guilt pursuant to his *nolo contendre* plea was entered on June 21, 2005, and he did not appeal. Respondent's Appendix Exhibit ("Exh.") C. On September 2, 2005, Petitioner sent a letter to the Florida Supreme Court complaining about the actions of his attorney and the assistant state attorney, claiming he was entitled to immediate release from custody. (Exh. E.) The letter was construed as a petition for writ of habeas corpus and transferred to Jackson County Circuit Court for consideration as a Rule. 3.850 motion. The circuit court dismissed the motion as facially and legally insufficient, describing it as "merely a letter about his discontent with the prosecutor and public defender that handled his case." (Exh. G.) Petitioner appears to have filed a notice of appeal on February 9, 2006 and voluntarily dismissed the appeal on April 26, 2006. (Exhs. K, L.).

Petitioner contends that he learned on August 22, 2006, by way of a public records request, that latent fingerprints had been obtained from the crime scene, and that only two of the prints were of any value for identification purposes. His fingerprints were not compared to the latent fingerprints prior to his guilty plea.

On October 30, 2006, Petitioner filed a Rule 3.850 motion for postconviction relief, asserting two grounds for relief: (1) trial counsel was ineffective for failing to suppress evidence of his confession and items seized when he was stopped for questioning; and (2) trial counsel was ineffective for failing to make Petitioner aware of the latent fingerprint evidence, and if she had, he would not have entered a plea in case no. 04-492. (Exh. M.) The trial court granted an evidentiary hearing and set it for November 24, 2008, at which Petitioner was represented by counsel. (Exhs. N, O.)

However, at the outset of the hearing, counsel for Petitioner advised the court that Petitioner wished to withdraw his 3.850 motion. Petitioner was placed under oath and confirmed that he wished to withdraw the motion, answering affirmatively when the judge asked: "And so you're willing then to waive your hearing today, not go any further on the motion that you had filed and just go back to prison and resume the sentence that you're serving; is that correct?" (Exh. O.) The trial court subsequently entered a written order granting the motion to withdraw the 3.850 motion, *nun pro tunc* November 28, 2008. (Exh. P.) Petitioner filed a motion for rehearing, claiming he was coerced by postconviction counsel into dismissing his motion. (Exh. Q.) The motion for rehearing was denied on January 30, 2009, and Petitioner timely appealed. (Exhs. R, S.) The First District Court of Appeal *per curiam* affirmed, with mandate issuing on September 1, 2009. (Exhs. T, U.)

In the instant federal habeas petition, filed on October 15, 2009, Petitioner contends that (1) trial counsel was ineffective in advising him to plea *nolo contendre*; (2) trial counsel was ineffective for failing to suppress evidence of his confession and items seized when he was stopped for questioning; and (3) trial counsel was ineffective for failing to make Petitioner aware of the latent fingerprint evidence, and if she had, he would not have entered a plea in case no. 04-492. (Doc. 1.)

Respondent contends that the Petition is untimely because Petitioner did not file anything that would have tolled the statute of limitations during the 1-year period that began running when Petitioner's conviction became final on July 21, 2005 and expired on July 21, 2006. Alternatively, Respondent contends that even assuming, *arguendo*, that the statute of limitations began on August 22, 2006, when Petitioner learned of the

latent fingerprint evidence, his petition should be denied for failure to exhaust state court remedies.  (Doc. 23.)

### Timeliness

Petitioners whose convictions became final after the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA") have a one-year period within which to seek federal habeas corpus review of their convictions.  The one-year limitations period begins to run, *inter alia,* from the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," or "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1).  The one-year limitations period is tolled during the pendency of a properly filed state application for postconviction review.   28 U.S.C. § 2244(d)(2).

Petitioner's letter sent September 2, 2005 was dismissed by the trial court as a facially and legally insufficient 3.850 postconviction motion.  Accordingly, it was not "properly filed" and did not serve to toll the one-year limitations period that began on July 21, 2005, when Petitioner's conviction became final.  *See* 28 U.S.C. § 2244(d)(2); *Hurley v. Moore,* 233 F.3d 1295, 1298 (11th Cir. 2000) (holding that defendant's motion was not properly filed where it did not comply with the written oath requirement of Rule 3.850).  Accordingly, the one-year limitations period from the date of final conviction expired on July 21, 2006, and the instant petition, filed on October 15, 2009, is untimely under that provision of 28 U.S.C. § 2244(d)(1).

However, the instant petition could be considered timely if the one-year limitations period runs August 22, 2006, the date on which the factual predicate of the

*Case No: 5:09-cv-349-RS-GRJ*

claim presented in the October 20, 2006 postconviction motion could have been discovered through the exercise of due diligence. The limitations period ran from August 22, 2006 to October 20, 2006, when it was tolled by Petitioner's 3.850 motion, and began again on September 1, 2009, when mandate issued in Petitioner's appeal of his 3.850 motion. The instant petition, filed October 15, 2009, would arguably be timely under 28 U.S.C. § 2244(d)(1)(D).

### Section 2254 Exhaustion Requirement

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b)(1), (c). Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To properly exhaust a federal claim, a petitioner must "fairly present" the claim in each appropriate state court, thereby affording the state courts a meaningful opportunity to "pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation omitted).

When a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred under state law, the claim is procedurally defaulted. *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999). Federal habeas courts are precluded from reviewing the merits of procedurally defaulted claims unless the petitioner can show either (1) cause for the failure to properly present the claim and actual prejudice from the default, or (2) that a

fundamental miscarriage of justice would result if the claim were not considered.  *Id*. at 1302, 1306.  A fundamental miscarriage of justice exists "where a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010).  To state a credible claim of actual innocence, a petitioner must present new reliable evidence that was not presented at trial showing that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

## Discussion

Assuming, *arguendo*, that the instant petition is timely under 28 U.S.C. § 2244(d)(1)(D), Petitioner's failure to exhaust his claims in state court foreclose them from federal review.  Although Petitioner filed a 3.850 motion and the trial court granted an evidentiary hearing, Petitioner's counsel announced at the start of the hearing that Petitioner wished to withdraw his motion.  Petitioner, under oath, then confirmed to the trial court that he wished to withdraw the motion.  Petitioner filed a motion for rehearing, claiming that he did not knowingly, intelligently, and voluntarily withdraw his 3.850 motion because he postconviction counsel coerced him into doing so.  The motion for rehearing was denied on the grounds that Petitioner's allegations were refuted by the hearing transcript.  The First DCA *per curiam* affirmed.  The claims raised in the instant petition were never fairly presented to the state court to afford them a meaningful opportunity to "pass upon and correct alleged violations of its prisoners' federal rights."  *Baldwin*, 541 U.S. at 29.  Petitioner failed to exhaust his state court remedies and such remedies are no longer available to him; accordingly, he has procedurally defaulted on these claims.  *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (citations

omitted) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] ... there is a procedural default for purposes of federal habeas."); *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir.2003) (when petitioner fails to properly exhaust claims in state court and is barred from raising claims in state court by applicable procedural rules, such claims are procedurally defaulted).

Petitioner has not shown cause and prejudice for the default, and there is nothing in the record that suggests that a fundamental miscarriage of justice would result if the Court does not consider the claims.

## Recommendation

For the foregoing reasons it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, Doc. 23, be **GRANTED**, that the petition for a writ of habeas corpus, Doc. 1, be **DISMISSED,** and that a certificate of appealability be **DENIED**.

**IN CHAMBERS** in Gainesville, Florida, this 17th day of January 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

*Case No: 5:09-cv-349-RS-GRJ*